UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO AGUILAR, on his own behalf and
others similarly situated,

                Plaintiff,

-vs-                                          Case No. 2:10-cv-141-FtM-36SPC

ABC SUPPLY COMPANY, INC.,

                Defendant.
_____

## ORDER

This matter comes before the Court on the Plaintiff, Orlando Aguilar's Motion to Strike Defendant's Affirmative Defenses (Doc. #14) filed on April 28, 2010. The Defendant ABC Supply Company filed its Response in Opposition (Doc. # 16) on May 17, 2010. The Motion is now ripe for review.

The Plaintiff brings this action pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 216(b) alleging the Defendant failed to pay him for all hours worked in excess of forty (40) hours per week. The Defendant filed its Answer and Affirmative Defenses (Doc. # 10) to the Complaint on March 29, 2001. The Plaintiff now moves to strike the Defendant's Second Affirmative Defense, for accord and satisfaction, the Third Affirmative Defense and Fifth Affirmative Defense, exemption, and the Defendant seeks to recover attorney's fees and costs for defending the case. As grounds, the Plaintiff states the Affirmative Defenses are not recognized under the FLSA, and therefore, they must be stricken.

Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c). The Rule states in pertinent part that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud . . . and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

An Affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law. Microsoft Corp., 211 F.R.D. at 683. An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Harvey, 2005 WL 1421170. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. Id. (citing Reyher v. Trans World Airlines, Inc., 881 574, 576 (M.D. Fla. 1995)).

### (1) Second Affirmative Defense

The Defendant's Second Affirmative Defense states "Plaintiff's asserted claims under the FLSA are barred by accord and satisfaction, as Aguilar has been properly compensated for all hours worked as the Assistant Manager at ABC Supply's Ft. Myers, Florida branch location."

The Defendant argues that the affirmative defense is simply a denial of the claim and a statement that the Plaintiff has been paid for all of the hours he worked. However, the doctrine of accord and satisfaction is generally in applicable to FLSA causes of action. <u>Hansen v ABC Liquors, Inc.</u>, 2009 WL 3790447 * 4 (M.D. Fla. November 9, 2009); <u>Morrison v. Executive Aircraft Refinishing, Inc.</u>, 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005) (holding that accord and satisfaction is only cognizable affirmative defense in FLSA actions brought by federal employees who are represented by a labor union pursuant to the Civil Service Reform Act, 5 U.S.C. § 7121(a)(2)(c)(iii)). In this case, the Defendant does not meet the limited exception to use the affirmative defense of accord and satisfaction. Thus, the Motion to strike the Second Affirmative Defense is due to be granted.

### (2) Third and Fifth Affirmative Defenses

The Defendant's Third Affirmative Defense states "[a]s the Assistant Manager at ABC Supply's Fort Myers, Florida branch location, Orlando Aguilar was exempt from the overtime requirements of the FLSA, 29 U.S.C. Section 213(a)(1)." The Plaintiff's Fifth Affirmative Defense states "Plaintiff's request for declaratory relief should be denied, as ABC Supply has not violated the overtime principles of the FLSA with respect to Orlando Aguilar's employment as the Assistant Manager at ABC Supply's Ft. Myers, Florida branch location."

An employee who is "employed in a bona fide executive, administrative, or professional capacity" is exempt from the FLSA's overtime provisions. Cotten v. HFS-USA, Inc., 620 F. Supp. 2d 1342, 1347 (M.D. Fla. 2009)(citing U.S.C. § 213(a)(1)). The Defendant argues that under 29 U.S.C. § 213(a)(1), the exemption for executives and administrators is valid.

The Defendant's Third and Fifth Affirmative Defenses, claim that the Plaintiff was an assistant manager and, therefore exempt from the wage requirement. The affirmative defense is a specific affirmative defenses listed by the FLSA as a valid exception to the statute's wage requirements. As such, the Motion to Strike is due to be denied.

### *(3) Attorney's Fees and Costs*

The Defendant states "ABC Supply intends to seek from the Plaintiff a recovery of its attorneys' fees and costs for having to defend Plaintiff's meritless litigation," under Sections 448.08 and 57.105, Fla. Stat. and under 29 U.S.C. §216(b). The Plaintiff argues that the FLSA only allows for attorney's fees and costs for the Plaintiff who prevails in the action for lost overtime and wages. The Defendant states that the fees and costs clause was added to preserve the right to pursue attorney's fees and costs if they should prevail in the instant action.

While the Plaintiff's claim that the FLSA only provides for attorney's fees and costs to a prevailing plaintiff is generally accurate, a defendant may recover its attorney's fees from a losing plaintiff when that plaintiff has "acted in bad faith, vexatiously, wantonly or for other oppressive reasons." Hansen, 2009 WL 3790447 at * 4. At this stage in the litigation, it is too early to make any determination whether or not the Defendant can prove a set of facts to support a future claim for attorney's fees. Thus, the Motion to Strike the Defendant's claim for attorney fees is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Orlando Aguilar's Motion to Strike Defendant's Affirmative Defenses (Doc. #14) is **GRANTED in part and DENIED in part**.

(1) The Plaintiff, Orlando Aguilar's Motion to Strike Defendant's Second Affirmative Defense barring the defense accord and satisfaction is **GRANTED**. The Second Affirmative Defense is hereby **STRICKEN**.

(2) The Plaintiff, Orlando Aguilar's Motion to Strike Defendant's the Third Affirmative Defense and Fifth Affirmative Defense, claiming exemption from the FLSA because the Plaintiff was employed as an assistant manager is **DENIED**.

(3) The Plaintiff, Orlando Aguilar's Motion to Strike Defendant's claim for attorney's fees and costs is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   3rd   day of June, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record